# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In RE: | ) | Chapter 7 |
| | ) | |
| 2601 ASSOCIATES, LLC. | ) | Case No. 09 B 21255 |
| | ) | |
| Debtor. | ) | Judge John H. Squires |

## NOTICE OF FILING

TO:   See attached service list

   PLEASE TAKE NOTICE that on November 2, 2009, the undersigned filed with the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois the Chapter 11 Debtor's Final Report and Account, a copy of which is attached hereto.

**THOMAS W. DREXLER**
Attorney at Law
77 W. Washington Street
Suite 1910
Chicago, IL  60602
(312) 726-7335

## CERTIFICATION

   The undersigned attorney certifies that he served a copy of the foregoing Notice and the attached Motion to the parties on the attached service list by ECF on November 2, 2009.

     /s/     Thomas W. Drexler

## SERVICE LIST

Office of the U.S. Trustee, Region 11
219 S. Dearborn St
Room 873
Chicago, IL 60604

Jerry L. Switzer
Pulsinelli Shughart PC
180 N. Stetson, Suite 4525
Chicago, IL 60601

Barry A. Chatz
Michelle G. Novick
Arnstein & Lehr LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606

Norman B. Newman, Colleen E. McManus
Much Shelist Freed Denenberg
191 N. Wacker Drive, Ste. 1800
Chicago, IL 60601

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In RE: | ) | Chapter 7 |
| | ) | |
| 2601 ASSOCIATES, LLC. | ) | Case No. 09 B 21255 |
| | ) | |
| Debtor. | ) | Judge John H. Squires |

**CHAPTER 11 DEBTOR'S FINAL REPORT AND ACCOUNT**

Now comes 2601 Associates, LLC., Debtor herein, and files its Final Report and Account herein for the Chapter 11 period prior to conversion to Chapter 7, and thereby states as follows:

1. This case was originally filed as a voluntary Chapter 11 on June 11, 2009.

2. On the date of filing, the Debtor's estate consisted of the real property and business commonly known as the Lorraine Hotel, located at 2601 Collins Avenue, Miami Beach, Florida, as well as personal property associated with operation of said business.

3. On the date of filing, the debtor was a defendant in two separate foreclosure proceedings arising out of mortgage on the property, one filed by Brian Schaer (second mortgagee) and the other filed by Broadway Bank (first mortgagee).

4. On the date of filing, Broadway Bank had a receiver in place operating the Lorraine Hotel pursuant to court order entered in the foreclosure proceeding.

5. During the entire course of the Chapter 11 proceeding herein, i.e. from June 11, 2009 to the date of conversion of the case to Chapter 11 on September 29, 2009, the Debtor's business was operated and controlled by the receiver appointed by the foreclosure court, Susan Tjarksen.

6. Said receiver continued in control of all of the Debtor's realty and personalty pursuant to the request herein of Broadway Bank, and without any objection by the Debtor.

7. As receiver, Susan Tjarksen, was the party during the Chapter 11 who was

7.  As receiver, Susan Tjarksen, was the party during the Chapter 11 who was responsible for all of the Debtor's income and expense during the course of that proceeding.

8.  As a result, although I, Michael Giorango (the undersigned), was the designated person to perform the acts required under the Federal Rules of Bankruptcy Procedure, I was not the person who actually handled the receipts of the Debtor nor undertook expenses during the Chapter 11, and I did not maintain a record of same separate from those of the receiver, Susan Tjarksen.

9.  Attached hereto in furtherance and expansion of this Final Report and Account is the detailed record of income received and expenses paid as reported to the undersigned by the receiver. Exhibit A depicts the receipts and expenses from the filing date on June 11, 2009 through the end of June 2009, Exhibit B depicts the receipts and expenses in July 2009, Exhibit C depicts the receipts and expenses in August 2009, and Exhibit D depicts the receipts and expenses in September 2009.

10. To the best of my knowledge, no unpaid expense has been accrued by the Debtor during the Chapter 11 period herein, with the exception of approximately $4,500.00 in sales taxes as reported by the receiver by email to the Debtor's attorney on October 28, 2009.

Respectfully submitted,

*Michael Giorango* (signature)
Michael Giorango

**THOMAS W. DREXLER**
Attorney for Debtor
77 W. Washington Street
Suite 1910
Chicago, IL 60602
(312) 726-7335